UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MADERE & SONS MARINE RENTAL, LLC, AS OWNER OF THE MOTOR VESSEL MISS ALENE FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY | CIVIL ACTION<br><br>NO: 19-10610<br>C/W 19-11768<br><br>SECTION: "S" (2) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that claimant Milton Picou's **Motion to Sever Issues of Maintenance and Cure** (Rec. Doc. 56) is **GRANTED**, and the court will hold an expedited trial on maintenance and cure.

BACKGROUND

Claimant, Milton Picou, was injured when the vessel he was operating, the M/V LYLA ANGELLE, collided with the M/V MISS ALENE. Both vessel owners filed exoneration and/or limitation actions in this court. Picou filed a Jones Act claim for negligence and unseaworthiness against his employer, R&R Boats, Inc. ("R&R"), and an action for negligence under the General Maritime Law against Madere & Sons Marine Rental, LLC ("Madere"), the owner/operator of the MISS ALENE.

Picou's medical care since his injury has resulted in only partial relief from the pain Picou suffers that he attributes to the accident. On February 26, 2021, Dr. Andrew Todd recommended that Picou undergo anterior lumbar fusion at L4-5 and L5-S1. Dr. Todd's report was provided to

R&R on March 4, 2021, along with a request that R&R pay for the recommended treatment. R&R responded with a request that Picou have an independent medical examination ("IME"). While the exam was conducted on April 5, 2021, the report of the IME by Dr. Gabriel Tender was not provided until two and a half months later, on June 24, 2021. Dr. Tender disagrees with the surgery recommendation, and R&R has refused to pay for it, requiring that the issue be resolved at trial, currently set for January 31, 2022.

With respect to maintenance payments, R&R is currently paying $9.00 per day, based on its argument that Picou's deposition testimony supports only that amount, because he lives with his parents. Picou contends that this amount is by definition unreasonable, and the minimum reasonable amount is $35.00 per day. He also notes that he has an ongoing child support obligation. R&R has not made any maintenance payments since December 2020, due to an alleged overpayment calculated upon the $9.00/day rate.

Picou now moves to sever the issues of maintenance and cure from the other issues in this case, arguing that due to his ongoing pain, he does not wish to wait an additional six months for trial. R&R has responded that it does not oppose severance in principle, but that time must be allowed for the doctors to be deposed, and discovery regarding Picou's living expenses must take place. Picou has replied that assuming Dr. Tender will testify at trial, he does not intend to depose him. Picou further argues that requiring him to live on $9.00 a day for an additional six months, relying on his parents' support and considering his child support obligation, justifies an expedited trial on maintenance and cure.

## DISCUSSION

A seaman "may either sue separately for maintenance and cure . . . or, having filed one suit, ask for severance of the maintenance claim and an expedited trial of it by the court." Tate v. Am. Tugs, Inc., 634 F.2d 869, 871 (5th Cir. 1981) (citations omitted). "The decision to sever a maintenance and cure claim is within the court's discretion." Morgan v. Chet Morrison Contractors, Inc., 2008 WL 4758628, at *2 (E.D. La. Oct. 28, 2008) (quotations omitted). "In deciding whether to sever a maintenance and cure claim, courts consider the plaintiff's interest in an expediting trial of these issues, the proximity of the scheduled trial date, whether plaintiff has requested a jury trial, and whether the nonmoving party opposes the motion." Id. (quotations omitted).

In this non-jury matter, plaintiff's medical records reflect that he is experiencing level 8/10 pain, and living on a maintenance amount below typical maintenance awards in this district. The trial date is six months away, and the court has the capacity to conduct a non-jury video trial prior to that date. Moreover, the practical impediments to an expedited trial – the deposition of one doctor and discovery regarding Picou's living expenses – can be quickly handled. The court thus finds in its discretion that an expedited trial is warranted. Accordingly,

**IT IS HEREBY ORDERED** that claimant Milton Picou's **Motion to Sever Issues of Maintenance and Cure** (Rec. Doc. 56) is **GRANTED**, and the court will hold an expedited trial on maintenance and cure.

**IT IS FURTHER ORDERED** that a telephone scheduling conference will be held on Tuesday, 8/10/21 at 10:00 a.m. to establish deadlines for Dr. Todd's deposition and discovery

regarding living expenses, and to set a new trial date;

**IT IS FURTHER ORDERED** that counsel shall contact the assigned Magistrate Judge as soon as possible to schedule a settlement conference to be held prior to the pre-trial conference.

New Orleans, Louisiana, this __4th__ day of August, 2021.

---
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**